UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|     Plaintiff | ) ) ) |
| v. | ) 1:11-cv-00013-DBH ) |
| $25,800 CURRENCY, | ) ) |
|     Defendant | ) |

**RECOMMENDED DECISION**

This is an action seeking the forfeiture of $25,800.00 in United States currency seized from a vehicle operated by Nathan G. Lake on April 14, 2010, during a traffic stop in Revere, Massachusetts. Both Cynthia Lake and Nathan Lake were served with a copy of this forfeiture complaint. Cynthia has never responded, but Nathan and two Waterville, Maine residents, Erika Goldrup and Frank Curtis, have answered and filed claims stating that the seized property belongs to them. The United States has now moved to strike the claim and answer to the complaint filed by Nathan Lake, Goldrup, and Curtis. (Mot. to Strike Claim, Doc. No. 19.) Because the three claimants have failed to respond to court-ordered discovery, I now recommend that the Court grant the motion and strike their responses.

On March 8, 2011, the United States served Lake, Curtis and Goldrup special interrogatories pursuant to Rule G(6) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Supplemental Rule G(6)(a) provides that "[t]he government may serve special interrogatories limited to the claimant's identity and relationship to the defendant property without the court's leave at any time after the claim is filed and before discovery is closed." Supplemental Rule G(6)(b) further provides that "answers or objections to these interrogatories must be served within 20 days after the interrogatories are served." Lake,

Curtis and Goldrup's responses to the special interrogatories were due by March 31, 2011. Supplemental Rule G(8)(c)(i)(A) provides that "at any time before trial, the government may move to strike a claim or answer for failing to comply with . . . Rule G(6)." See U.S. v. $27,970 in U.S. Currency, Civ. No. 1:09-139, 2010 WL 933762 (S.D. Ga. Mar. 16, 2010) (striking the claim and answer of claimant for failing to respond to the government's special interrogatories); United States v. $2,409 in U.S. Currency, Civ. No. WDQ-10-CV0220, 2010 WL 2670982, *1 (D. Md. June 24, 2010) (striking claim for failing to respond to special interrogatories within 20 days); United States v. $85,000 in U.S. Currency, Civ. No. WDQ-10-0371, 2010 WL 5087910, *2 (D. Md. Dec. 7, 2010) (same).

On April 13, 20011, the United States' attorney filed a motion to strike the answer and claim. (Doc. No. 19.) The claimants' attorney responded to the motion to strike by seeking an extension of the time to answer the special interrogatories. (Doc. No. 22.) Because of the rather lengthy extension sought, I immediately scheduled a telephonic hearing to discuss the matter. As a result of that conference, I granted the motion for extension in part and gave the claimants until May 16, 2011, to respond to the special interrogatories. (Order, Doc. No. 27.) The claimants' counsel represented to the Court that he did not have substantive objections to the interrogatories and that the reason for the delay had been that the special interrogatories requested information from prior tax years which was not in the claimants' possession. I ordered that answers had to be provided by May 16, 2011, and that claimants could have some additional time to supplement those answers with the materials that were not in their possession.

On May 17, 2011, the day following the extended, court-ordered date for compliance, the attorney for the United States filed a renewed motion to strike. (Doc. No. 28.) I ordered an expedited response date of May 19, 2011. As of today's date, May 23, 2011, no response has

been filed to the renewed motion to strike. The United States is clearly authorized to file the limited interrogatories and, furthermore, claimants' counsel has represented to the Court that he has no good faith objections that he intends to interpose. Therefore, it appears that the appropriate remedy is to strike the claim and answer asserted by these three claimants. Because striking their claim will be case dispositive as to them, I have framed this fairly routine discovery sanction as a recommended decision.

**Conclusion**

Based upon the foregoing, I recommend that the Court GRANT the motion to strike (Doc. No. 19) and the renewed motion (Doc. No. 28, which merely incorporates the earlier motion), resulting in their claim (Doc. No. 8) and answer (Doc. No. 9) being stricken from the docket.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

May 23, 2011